This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                       **No. 35,329**

**NOBLE DYESS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}    Defendant has appealed from convictions for possession of a controlled substance and possession of paraphernalia. We previously issued a notice of proposed summary disposition in which we proposed to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    We previously set forth the pertinent background information and relevant principles of law in the notice of proposed summary disposition. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

{3}    Defendant continues to challenge the constitutionality of the warrantless search of the safe and seizure of the drugs and paraphernalia contained therein. **[MIO 6-24]**

{4}    As we previously observed in the notice of proposed summary disposition, Defendant's clear and unequivocal disclaimer of ownership of the safe [MIO 3] constituted abandonment. [CN 3-4] *See State v. McNeal*, 2008-NMCA-004, ¶ 18, 143 N.M. 239, 175 P.3d 333 ("Courts have found unequivocal evidence of abandonment when a person expressly states that he is not the owner of a bag."); *see generally State v. Celusniak*, 2004-NMCA-070, ¶ 28, 135 N.M. 728, 93 P.3d 10 (identifying a series of factual scenarios that generally give rise to a finding of abandonment, "including cases where the defendant disclaims ownership of the property"); *State v. Villanueva*, 1990-NMCA-051, ¶ 24, 110 N.M. 359, 796 P.2d 252 ("Where an individual denies

ownership or a possessory interest in property, such denial may deprive him of any justified expectation of privacy in the object."). In light of this abandonment, Defendant cannot claim any reasonable expectation of privacy in the safe; and as such, Defendant lacks standing to challenge the search. *See Celusniak*, 2004-NMCA-070, ¶ 25; *see, e.g., Villanueva*, 1990-NMCA-051, ¶¶ 26-27. Once the safe was opened, the contraband in plain view therein was subject to seizure. *See State v. Rivera*, 2010-NMSC-046, ¶ 28, 148 N.M. 659, 241 P.3d 1099 ("Under the plain view doctrine, items may be seized without a warrant if the police officer was lawfully positioned when the evidence was observed, and the incriminating nature of the evidence was immediately apparent, such that the officer had probable cause to believe that the article seized was evidence of a crime." (internal quotation marks and citation omitted)).

{5}    In his memorandum in opposition Defendant argues that his disclaimer of ownership did not constitute abandonment of the safe. [MIO 14] Defendant relies heavily on out-of-state authority. However, the New Mexico cases previously cited provide clear guidance on the effect of unequivocal disclaimers. To the extent that Defendant may invite this Court to depart therefrom, we decline to do so.

{6}    Defendant further contends that the surrounding circumstances militate against application of the doctrine of abandonment, [MIO 14-20] focusing specifically on the

nature of the container [MIO 13-14] and its location in a private residence where Defendant was a guest. [MIO 14-19] In the absence of the disclaimer of ownership, these considerations would have been highly material. However, we fail to see how Defendant could be said to have retained any cognizable privacy interest in the safe once he disclaimed ownership thereof, particularly in light of the search of the probationer-owner's residence that was taking place at the time. [RP 26] *See generally State v. Bolin*, 2010-NMCA-066, ¶ 13, 148 N.M. 489, 238 P.3d 363 (noting the constitutionality of warrantless searches of probationers' homes); *State v. Baca*, 2004-NMCA-049, ¶ 42, 135 N.M. 490, 90 P.3d 509 (observing that probationary status significantly reduces expectations of privacy, and supervision entails warrantless searches). We therefore remain unpersuaded.

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{8}     **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**

4

_____

**J. MILES HANISEE, Judge**