This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                             **NO. 29,995**

**JOHNNY BARELA,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles Cruse Currier, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellant

Jesse R. Cosby
Roswell, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

The State contends the district court improperly granted Defendant's motion to suppress based on officers' violation of the knock and announce requirement. We

issued a calendar notice proposing to affirm and the State timely filed a memorandum in opposition. We remain unpersuaded and affirm.

The State does not appear to contest the facts as outlined in our proposed disposition. Officers received a tip from a paid informant that Defendant was trafficking in heroin. [RP 59; 100-101] After obtaining a search warrant [RP 56], five officers went to Defendant's home to execute it. The officers approached the house, announcing their presence and entering the home without knocking. [DS 3; RP 101] A belt recording indicates six seconds elapsed from the time they began to approach the house to the time officers smashed open the front door. [Id.; MIO 6]

At the hearing on Defendant's motion to suppress, one officer testified that the warrant execution had been considered "high risk." He also testified that warrants involving drugs are often considered "high risk" because drugs are easily disposed of and the people involved with drugs are often armed. [Id.] No other testimony was offered indicating the existence of any other exigent circumstances. [RP 101-102] The district court granted Defendant's motion to suppress, finding the search unreasonable because officers had violated the knock and announce requirement.

The State argues that the classification of the warrant as "high risk" was sufficient to justify the suspension of the knock and announce requirement and that

officers need not knock if they have been previously announcing their presence. [DS 4; MIO 8] We disagree.

The standard of review for suppression rulings is whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party. *State v. Hand*, 2008-NMSC-014, ¶ 6, 143 N.M. 530, 178 P.3d 165. We review the district court's purely factual assessments to determine if they are supported by substantial evidence and then review the constitutional question of whether the search and seizure was reasonable under those particular facts de novo. *Id.*

We note this case is similar to our recent published opinion in *State v. Gonzales*, 2010-NMCA-023, ¶ 22, ___ N.M. ___, ___ P.3d ___ (filed 2009) (No. 28,411, Dec. 21, 2009) (upholding a district court's grant of a motion to suppress where officers battered open the defendant's door after an eight second delay as measured by an officer's belt recording). As outlined in that case, "[t]he knock and announce rule requires that officers entering a residence to execute a search or arrest warrant knock and announce their identity and purpose and then wait a reasonable time to determine whether consent to enter will be given." *Id.* ¶ 1; *see State v. Vargas*, 2008-NMSC-019, ¶ 9, 143 N.M. 692, 181 P.3d 684; *State v. Lopez*, 2005-NMSC-018, ¶¶ 13-20, 138 N.M. 9, 116 P.3d 653. There are no bright-line rules establishing how long officers must reasonably wait; we consider the totality of the circumstances to determine

whether the officers' wait was long enough. *Gonzales*, 2010-NMCA-023, ¶ 5; *see Hand*, 2008-NMSC-014, ¶ 7. Those circumstances can include whether the defendant's behavior indicated some sort of constructive refusal of entry or the existence of exigent circumstances. *Gonzales,* 2010-NMCA-023, ¶¶ 6- 7.

The State argues that this case should be distinguished from *Gonzales* because of the existence of exigent circumstances in the current case. [MIO 5-6] We disagree. "We review the sufficiency of exigent circumstances by determining whether a reasonable, well-trained, and prudent police officer could conclude that swift action was necessary." *State v. Ortega*, 117 N.M. 160, 162, 870 P.2d 122, 124 (1994) (internal quotation marks and citation omitted). The mere potential for destruction of evidence does not in itself give rise to any exigency. *Id.*

Here, no specific evidence was offered that Defendant's behavior indicated he intended to refuse entry, destroy evidence, or that any other exigent circumstances existed justifying the officers' failure to knock and announce their presence. The only evidence offered appears to have been a general assertion search warrants for drug traffickers are "high risk" by their very nature. [RP 101-02] Nothing was offered indicating the search of Defendant's home specifically constituted any special risk. [Id.] In fact, the district court specifically found that there was no evidence that the occupants in the home were destroying evidence after the police announced their

presence. [RP 120] *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder [in this case, the judge] to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785 (reiterating that in a motion to suppress we view the facts in the light most favorable to the prevailing party). We agree with the district court that the mere assertion that all drug cases may involve a higher risk is insufficient to justify the suspension of the knock and announce requirement. *See Gonzales*, 2010-NMCA-023, ¶¶ 20-21 (reiterating general concerns are insufficient to dispense with the requirements of the knock and announce rule).

Moreover, we decline the State's invitation to adopt an "announce only" rule for "high risk" warrants. [DS 4; MIO 8] Supreme Court case law clearly requires all three prongs of the knock and announce rule be met, absent specific circumstances justifying an exception. *See id.* ¶ 16 ("Absent exigent circumstances, officers must knock *and* announce their purpose and identity, *then* wait a reasonable period of time to determine if consent to enter will be given before forcefully entering.") (emphasis omitted) (internal quotation marks and citation omitted). Regardless of how other jurisdictions may interpret the knock-and-announce rule, this Court is bound by our Supreme Court's precedent. *State v. Travarez*, 99 N.M. 309, 311, 657 P.2d 636, 638

(Ct. App. 1983) (noting the Court of Appeals must follow applicable precedents of the Supreme Court).

**CONCLUSION**

For the reasons stated above we affirm.

**IT IS SO ORDERED.**

<br>

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

<br>

**MICHAEL E. BUSTAMANTE, Judge**

<br>

**ROBERT E. ROBLES, Judge**