This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant.

v.                                                                           **NO. 33,448**

**FLORA MORALEZ,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     The State argues that the district court erred in granting Defendant's motion to suppress evidence based on a violation of the knock and announce rule. [DS 4; MIO 12-26] We issued a notice of proposed summary disposition proposing to affirm on

February 5, 2014. The State timely filed its memorandum in opposition, pursuant to one extension, on March 17, 2014. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

{2} In its memorandum in opposition, the State continues to argue that suppression of evidence is not the proper remedy for a violation of the knock and announce rule, given the policy considerations stated in *Michigan v. Hudson*, 547 U.S. 586, 591-94 (2006) (holding that a violation of the Fourth Amendment's knock and announce rule does not require suppression of evidence obtained in the search). [MIO 16-20] "The standard of review for suppression rulings is whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Hand*, 2008-NMSC-014, ¶ 6, 143 N.M. 530, 178 P.3d 165. We review the district court's findings of fact for substantial evidence, and the district court's application of the law to those facts is reviewed de novo. *See State v. Soto*, 2001-NMCA-098, ¶ 6, 131 N.M. 299, 35 P.3d 304.

{3} Defendant sought suppression of evidence recovered during a search of her home, on the basis that police had violated the knock and announce rule when executing the search warrant. [RP 21-25] *See State v. Gonzales*, 2010-NMCA-023, ¶ 1, 47 N.M. 735, 228 P.3d 519 ("The knock and announce rule requires that officers entering a residence to execute a search or arrest warrant knock and announce their

2

identity and purpose and then wait a reasonable time to determine whether consent to enter will be given."). The State conceded below that the officers violated the knock and announce rule. However, relying on *Hudson,* the State argued that the proper remedy for a knock and announce violation should be a civil remedy, not application of the exclusionary rule. [DS 3] The district court rejected the State's argument and held that, under *State v. Attaway*, 1994-NMSC-011, 117 N.M. 141, 870 P.2d 103, suppression was the proper remedy. [RP 37] *See id*., ¶ 22, n. 6 (stating that under Article II, Section 10, suppression is the appropriate remedy for failure to follow the knock and announce rule).

{4}     We agree with the district court. As we stated in our notice of proposed summary disposition, we recently discussed this issue in *State v. Jean-Paul*, 2013-NMCA-032, 295 P.3d 1072. In *Jean-Paul*, we noted that *Attaway* was decided before *Hudson* and "did not appear to consider the policy considerations addressed in *Hudson* in support of the conclusion that suppression is not an appropriate remedy." *Id*. at ¶ 7. We also noted that our Supreme Court had not had the opportunity to reconsider *Attaway* since *Hudson* was decided. *See id*.; *see also State v. Hand*, 2008-NMSC-014, ¶ 5 n.2, 143 N.M. 530, 178 P.3d 165 (stating that "[b]ecause neither party briefed the effect of *Hudson* on New Mexico's knock-and- announce jurisprudence and because we conclude that the district court erroneously suppressed

the evidence, we leave the question of *Hudson*'s effect to be decided another day"). We therefore determined that "*Attaway* controls, and the remedy for any violation of Article II, Section 10's knock-and-announce requirement continues to be suppression of the evidence."

{5}     The State argues in its memorandum that *Attaway* does not actually hold that suppression is required under Article II, Section 10, for a violation of the knock-and-announce rule. [MIO 2-8] The State argues that our statement in *Jean-Paul* that, under *Attaway*, the appropriate remedy for the knock and announce violation is suppression, is merely dicta which misinterprets *Attaway*, and it does not provide a basis for upholding the district court in this case. [MIO 11-12] However, apart from any statements in *Jean-Paul*, it appears that, since *Attaway* was decided, we have consistently held that granting a motion to suppress evidence is the appropriate remedy for a violation of the knock and announce rule. *See e.g., State v. Ulibarri*, 2010-NMCA-084, ¶ 21, 148 N.M. 576, 240 P.3d 1050 (reversing the denial of the defendant's motion to suppress evidence where this Court determined that the knock and announce rule was violated); *State v. Halpern*, 2001-NMCA-049, ¶ 15, 130 N.M. 694, 30 P.3d 383 (same). We therefore remain of the opinion that, as our Supreme Court has still not reconsidered *Attaway*, the district court properly granted Defendant's motion to suppress. We note, however, that the State is free to file a

4

petition for certiorari in accordance with Rule 12-502 NMRA. *See* Rule 12-502 (providing a mechanism for obtaining Supreme Court review of decisions of the Court of Appeals).

{6}     For these reasons, we affirm the district court.

{7}     **IT IS SO ORDERED.**


_____
                                        **M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**RODERICK KENNEDY, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**