STATE V. TRUJILLO

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**GEORGE TRUJILLO,**
**Defendant-Appellant.**

Docket No. A-1-CA-36135
COURT OF APPEALS OF NEW MEXICO
March 28, 2019

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY, Drew D. Tatum, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, Lauren J. Wolongevicz, Assistant Attorney General, Albuquerque, NM, for Appellee

Bennett J. Baur, Chief Public Defender, J.K. Theodosia Johnson, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

ZACHARY A. IVES, Judge. WE CONCUR:  M. MONICA ZAMORA, Chief Judge, J. MILES HANISEE, Judge

**AUTHOR:** ZACHARY A. IVES

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant George Trujillo was convicted after a jury trial of possessing methamphetamine, marijuana, and drug paraphernalia. On appeal, Defendant challenges the district court's order denying his motion to suppress, arguing that the search of his home and car pursuant to a no-knock search warrant was contrary to New Mexico law. Defendant principally argues that all no-knock warrants are invalid under

Article II, Section 10 of the New Mexico Constitution, broadly asserting that any evidence seized pursuant to a no-knock warrant must be suppressed, even in cases where exigent circumstances would otherwise allow unannounced entry by law enforcement. In the alternative, Defendant argues that even if New Mexico law allows for no-knock warrants: (1) a no-knock warrant is not dispositive at a suppression hearing, where the question should be whether there were exigent circumstances at the time of the search, and no such circumstances existed here; and (2) the search warrant affidavit did not establish exigent circumstances and omitted material facts that weighed against a finding of exigency. We decline to address Defendant's categorical challenge to the validity of no-knock warrants because he did not cite any legal authority or develop any argument to support the holding he seeks. We conclude that the district court did not err in denying the motion to suppress because the court could have reasonably concluded that the police announced their presence and their authority to search before entering Defendant's home. Because the officers complied with the knock-and-announce rule, we do not address Defendant's arguments regarding the exigency exception. We affirm.

**BACKGROUND**

**{2}** A judge issued a no-knock warrant to search the property where Defendant resided for evidence of drug trafficking. The warrant was based on the affidavit of Officer James Lara Jr. Officer Lara stated in his affidavit that a no-knock warrant was necessary for officer safety. According to Officer Lara, Defendant had surveillance cameras on his front door that would allow him to monitor people approaching his house, and police found five loaded firearms during a previous search of his home. Officer Lara also stated that in his own "personal contact with [Defendant] in the past[,]" Defendant had been "defiant and uncooperative towards law enforcement."

**{3}** Before Officer Lara and other officers executed the search warrant, they watched Defendant's residence from the street and concluded he was not home. The officers waited for Defendant, who eventually drove up and backed his vehicle into his driveway. The officers pulled their vehicles into the driveway and ordered Defendant out of his vehicle, instructing him to sit on the ground and informing him that they had a warrant to search his house. They then took Defendant's keys from him, used them to unlock the door to the house, and entered the residence. The police seized marijuana, methamphetamine, and drug paraphernalia from the residence and vehicle.

**{4}** The State charged Defendant with two felonies: possession of methamphetamine with intent to distribute, NMSA 1978, § 30-31-20 (2006), and possession of marijuana with intent to distribute, NMSA 1978, § 30-31-22(A)(1) (2011). The State also charged him with misdemeanor possession of drug paraphernalia, NMSA 1978, § 30-31-25.1(A) (2001).

**{5}** Defendant moved to suppress all evidence seized pursuant to the no-knock warrant. He claimed, among other things, that the warrant was invalid at the time it was issued because Rule 5-211 NMRA does not authorize no-knock warrants and because

Article II, Section 10 of the New Mexico Constitution forbids such warrants. Defendant urged the district court to suppress all evidence seized pursuant to what he contended was an "invalid search warrant." At the hearing on the motion, Officer Lara testified to the facts described above about the execution of the search warrant.

**{6}** The district court denied the motion without making findings of fact. It also denied Defendant's motion to reconsider.

**{7}** Although Defendant was not convicted of the two drug trafficking felonies originally charged, a jury found him guilty of felony possession of methamphetamine, as well as two misdemeanors, possession of marijuana and possession of drug paraphernalia. Defendant appeals.

## DISCUSSION

### Standard of Review

**{8}** This Court "review[s] the constitutional question of the reasonableness of a search and seizure de novo." *State v. Hand*, 2008-NMSC-014, ¶ 6, 143 N.M. 530, 178 P.3d 165 (internal quotation marks and citation omitted). Our task is to decide "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Lopez*, 2005-NMSC-018, ¶ 9, 138 N.M. 9, 116 P.3d 80 (internal quotation marks and citation omitted). Where, as here, the district court does not make specific findings of fact, "we must draw from the record to derive findings based on reasonable facts and inferences and determine whether those facts and inferences support the conclusion reached by the [district] court." *Id.* ¶ 22 (internal quotation marks and citation omitted). We "indulge in all reasonable presumptions in support of the district court's ruling." *Jason L.*, 2000-NMSC-018, ¶ 11 (internal quotation marks and citation omitted).

### Categorical Challenge to Validity of No-Knock Warrants

**{9}** Citing Article II, Section 10 of the New Mexico Constitution, Defendant claims that every search pursuant to a no-knock warrant is invalid as a matter of law, and that all evidence seized pursuant to such a warrant must be suppressed, regardless of whether exigent circumstances exist at the time of police entry.[1] In *State v. Gutierrez*, 1993-NMSC-062, ¶¶ 9-13, 116 N.M. 431, 863 P.2d 1052, our Supreme Court discussed but declined to decide whether no-knock search warrants are valid under Article II, Section 10. The Court noted:

> [T]he unsettled issue of the legality of their use under the laws of this state require that we one day address the validity of a judicial predetermination of necessity for unannounced entry. It would be inappropriate, however, to

---

1Defendant does not contend on appeal that the warrant at issue was unsupported by probable cause sufficient to authorize a search.

set forth here a position on a point not discussed by the parties in their briefs.

*Id.* ¶ 10 (footnote omitted).

**{10}** For similar reasons, we do not decide the issue in this case. Defendant has not cited any authority that supports the constitutional holding he seeks—that whenever a judge issues a warrant that authorizes police to enter a residence without complying with the knock-and-announce rule, the warrant itself is invalid, requiring suppression of all fruits of the search. We therefore assume no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Nor, beyond reciting that Article II, Section 10 provides greater protection than its federal counterpart, has Defendant developed any argument to support his requested holding. Appellate courts are under no obligation to review unclear or undeveloped arguments. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031. Accordingly, we will not consider the merits of Defendant's categorical challenge to the use of no-knock warrants.[2]

**{11}** In support of his argument that all no-knock warrants are invalid, Defendant relies on three out-of-jurisdiction cases: *Parsley v. Superior Court*, 513 P.2d 611 (Cal. 1973); *State v. Bamber*, 630 So. 2d 1048 (Fl. 1994), and *Davis v. State*, 859 A.2d 1112 (Md. 2004). However, none of these cases supports the broad, categorical holding Defendant seeks. In *Parsley*, *Bamber*, and *Davis*, the courts recognized that no-knock warrants based on judicial predictions regarding the presence of exigent circumstances do not justify unannounced residential entry by police. *See Parsley*, 513 P.2d at 613 (holding that advance judicial approval does not excuse compliance with state law knock-and-announce requirements); *Bamber*, 630 So. 2d at 1051 (holding that no-knock warrants "are without legal effect in Florida"); *Davis*, 859 A.2d at 1132 (holding that judicial officers in Maryland may not issue no-knock warrants). But all three courts indicated that the presence of exigent circumstances at the time of entry could justify a no-knock search regardless of the presence of a no-knock provision.[3] *See Parsley*, 513 P.2d at 615-17 (addressing prosecution's argument that district court's reliance on no-knock warrant was harmless error because police were reacting to perceived "demonstrable emergency"); *Bamber*, 630 So. 2d at 1053 (noting that no-knock searches "are lawful when circumstances at the scene constitute an emergency that meets certain narrowly prescribed conditions"); *Davis*, 859 A.2d at 1132-36 (analyzing facts at time law enforcement entered residence and concluding that "the entry in this case was not justified by existing and articulated exigency"). None of the courts held that the inclusion

---

2It is also unclear whether Defendant intends to assert that Article II, Section 10 required the police to announce their presence and authority before they ordered him from his vehicle and searched it. Whatever his intent, his briefs do not cite authority or develop argument to support extending the announcement requirement from searches of residences to searches of vehicles. We assume no such authority exists and, as with his categorical challenge to no-knock warrants, decline to address the merits of the issue. See In re Adoption of Doe, 1984-NMSC-024, ¶ 2; State v. Duttle, 2017-NMCA-001, ¶ 34, 387 P.3d 885 (declining to do work necessary to reach inadequately briefed constitutional issue).

3While Bamber, 630 So. 2d at 1049, 1055, involved a standard, rather than a no-knock, warrant, the court treated this as a distinction without a difference in holding that the no-knock search at issue had not been justified by exigent circumstances.

of a no-knock provision renders a search warrant invalid as a matter of law, categorically requiring suppression. Instead, all three cases support the narrower proposition that whether a particular search is lawful depends on the circumstances at the time the police enter a residence. In other words, under *Parsley, Bamber*, and *Davis*, an unannounced search conducted pursuant to a no-knock warrant is valid and does not require suppression if the search itself was consistent with applicable knock-and-announce doctrine.

**{12}** Even if we were to find *Parsley, Bamber*, and *Davis* persuasive and hold that no-knock warrants do not justify unannounced entry in New Mexico, Defendant has offered no reason for us to make the significant logical leap from the holdings of those cases to the holding he requests. To reach Defendant's proposed holding, we would have to accept one aspect of *Parsley, Bamber*, and *Davis* (that a no-knock warrant does not justify unannounced entry) and reject another (that exigent circumstances at the time of entry justify failure to announce, even when the search is pursuant to a no-knock warrant). Defendant does not explain why we should carve *Parsley, Bamber*, and *Davis* in this fashion. He makes only a conclusory assertion that searches conducted pursuant to no-knock warrants are per se unconstitutional. Defendant has not adequately briefed the constitutional issue he raises, and we will not do the independent research and analysis necessary to consider and decide the merits of that issue in his appeal. *See State v. Duttle*, 2017-NMCA-001, ¶ 34, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require us to do the work on behalf of Defendant, which we will not do."); *see also State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 (noting that appellate courts need not do counsel's research).

**Constitutionality of the Search Under Article II, Section 10**

**{13}** As an alternative to his categorical challenge to no-knock warrants, Defendant claims the search at issue violated Article II, Section 10 because it was inconsistent with our knock-and-announce doctrine in various respects. We disagree. Viewing the evidence in the light most favorable to the State, the record supports the conclusion that the officers announced their presence and authority to Defendant before entering his residence.

**{14}** "The requirement that officers executing a search warrant announce their identity and purpose and be denied admission is a critical component of a reasonable search under Article II, Section 10." *State v. Attaway*, 1994-NMSC-011, ¶ 22, 117 N.M. 141, 870 P.2d 103. "[T]he knock-and-announce rule requires that officers make known not only their presence, but also their authority under the warrant that they are serving." *State v. Vargas*, 2008-NMSC-019, ¶ 18, 143 N.M. 692, 181 P.3d 684. The announcement requirement "protects both the occupant and police from the possible violent response of a startled occupant suddenly confronted with an unannounced entry by an unknown person." *Attaway*, 1994-NMSC-011, ¶ 13. It also "protects the sanctity of the home and individual privacy." *Id.* Finally, it "prevent[s] the needless destruction of the homeowner's property[.]" *Id.* The failure to announce generally renders the search of

a residence unreasonable under our state constitution, requiring suppression of seized evidence, with certain exceptions. *See id.* ¶ 22 n.6 (noting that remedy is suppression under Article II, Section 10); *State v. Jean-Paul*, 2013-NMCA-032, ¶¶ 10-11, 295 P.3d 1072 (summarizing exceptions for futility and exigency).

**{15}**    Viewing the record evidence in the light most favorable to the State and indulging all reasonable inferences in support of the district court's ruling, we identify no error in the denial of suppression. The district court could have reasonably found, based on the testimony at the suppression hearing, that before the police entered Defendant's residence, they informed him that they were law enforcement officers who had a warrant to search his property. *See Vargas*, 2008-NMSC-019, ¶ 18 (requiring police officers to announce presence and authority before entering). Officer Lara testified that the police officers approached Defendant when he was sitting in his vehicle, which he had parked in the driveway of his residence. In addition, Officer Lara testified that the officers ordered him out of his vehicle, detained him, informed him that they had come to his home to search it pursuant to a warrant, and then entered his residence. This testimony supports the conclusion that the officers complied with our state constitutional announcement requirement.

**CONCLUSION**

**{16}**    We affirm.

**{17}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**J. MILES HANISEE, Judge**