2001-NMCA-098

35 P.3d 304

**STATE of New Mexico,
Plaintiff–Appellee,**

**v.**

**Donisio SOTO, Defendant–Appellant.**

**No. 20,986.**

Court of Appeals of New Mexico.

Aug. 17, 2001.

Certiorari Denied, No. 27,116,
Sept. 26, 2001.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Vicki W. Zelle, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

FRY, Judge.

{1} Defendant appeals his convictions of two counts of burglary and one count each of larceny and disposing of stolen property. Defendant argues that the district court should have granted his motion to suppress evidence seized during an illegal search. Defendant also argues that the district court should have directed a verdict of not guilty as to one of the two burglary counts because only one burglary occurred. We reverse the district court's determination that Defendant lacked standing to challenge the search of the car used jointly by Defendant and his girlfriend and remand for rehearing on the motion to suppress. We affirm the district court's denial of Defendant's motion for directed verdict.

## BACKGROUND

{2} This case arose from a commercial burglary of the "Bug Way," a Volkswagen repair business in Carlsbad, New Mexico, owned by Don Mathis. The business premises comprised two buildings: a shop, which had an office and three automobile bays, and an adjacent, unattached, storage building where the business stored the parts used to repair automobiles. Mathis also permitted his stepfather to use the storage building to pursue a hobby. The burglar entered the shop through the office window and entered the storage building by prying apart the siding. The stolen property consisted of auto mechanic tools belonging to Mathis, his chief mechanic, and his stepfather, valued at approximately $4,000.

{3} Several witnesses reported seeing a four-door, brown/tan/gold automobile parked in the vicinity of the Bug Way around the

time the burglary occurred. One witness reported that there was something red in the car's opened trunk. Officers located a car in Carlsbad matching the various witnesses' descriptions. The car was a gold 1980 Oldsmobile registered to Vera Rodriguez, who resides in Artesia with Defendant and her son. Rodriguez testified at trial that she and Defendant both use the car, and he could have been using the car on the evening the witnesses saw it parked near the Bug Way.

{4} After locating the car, two officers went to Rodriguez's place of employment and asked her for consent to search the car. Rodriguez testified that she consented to a warrantless search, during which the officers found a small red toolbox in the car's trunk. Rodriguez claimed the box belonged to her. The officers seized the box and told Rodriguez they had concluded the search and that she could return to work. There is conflicting testimony as to what occurred next. Rodriguez testified that, a few minutes after the officers had finished the search, she looked out the door and saw that they were again looking in the trunk of her car. She walked back out and saw that the officers had a silver tool that had not been discovered during the previous search. Contrary to Rodriguez's testimony, however, the officers testified that they performed only one search of the trunk. The officers later took the red box and the silver tool to Mathis to be identified. Mathis believed the items were his because the toolbox and tool were generally similar to items missing from the Bug Way.

{5} Prior to trial, Defendant alleged that there had been irregularities in the search of the car. Specifically, Defendant objected to the second search of the car that he claims occurred after the officers had completed the initial search performed with Rodriguez's consent. Defendant claimed that Rodriguez did not consent to the second search, and that the evidence seized as a result of the second search should be suppressed. The district court denied Defendant's motion on the ground that he lacked standing, stating that Defendant failed to demonstrate "that he had an actual, subjective expectation of privacy in this automobile that was owned by his girlfriend. The car was titled to the girlfriend. [Defendant] was not present at the time of the search." The court expressly refused to find that Defendant was a permissive user of the car.

## DISCUSSION

### Motion to Suppress

{6} In reviewing a district court's denial of a motion to suppress, we determine whether the law was correctly applied to the facts, giving due deference to the factual findings of the lower court. *State v. Duquette,* 2000–NMCA–006, ¶ 7, 128 N.M. 530, 994 P.2d 776. A denial of a motion to suppress "will not be disturbed if it is supported by substantial evidence unless it also appears that the ruling was incorrectly applied to the facts." *State v. Cline,* 1998–NMCA–154, ¶ 6, 126 N.M. 77, 966 P.2d 785. The trial court must resolve conflicts in the evidence, but "[w]hether that evidence complies with constitutional requirements is . . . a legal question reviewed by the appellate court on a *de novo* basis." *Id.* (quoting *State v. Vargas,* 120 N.M. 416, 418, 902 P.2d 571, 573 (Ct.App. 1995) (internal quotation marks omitted)).

{7} "In ascertaining the standing of an individual to challenge the propriety of a search, the focus is on the person's legitimate expectations of privacy." *State v. Villanueva,* 110 N.M. 359, 365, 796 P.2d 252, 258 (Ct.App.1990). In making this determination, we ask first whether Defendant has exhibited a subjective expectation of privacy, and second, whether Defendant's expectation is one society will recognize as reasonable. *State v. Esquerra,* 113 N.M. 310, 313, 825 P.2d 243, 246 (Ct.App.1991).

{8} At the hearing on the motion to suppress, the parties did not dispute that Defendant and Rodriguez lived together, that his property was mingled with hers, that the Oldsmobile was their only car and was used by both of them on a day-to-day basis, and that Defendant routinely used the car. Defendant argued that these facts gave rise to a reasonable expectation of privacy in the car giving Defendant the right to challenge the propriety of the second search of the car's trunk. The State contended that Defendant could have no expectation of privacy in the car because he did not own it and he was not

in physical control of the car at the time of the search. We agree with Defendant that, as a regular, permissive user of the car, through his ongoing relationship with Rodriguez, he exerted control over the car and its contents. Thus, Defendant had a subjective expectation of privacy in the car. *See State v. Leyba*, 1997–NMCA–023, ¶14, 123 N.M. 159, 935 P.2d 1171. The trial court in effect found that Defendant was not a permissive user of the car but that finding is not supported by substantial evidence. At the suppression hearing, the State did not dispute that Defendant was a permissive user, and at trial Rodriguez testified that he was. *Cf. State v. Martinez*, 94 N.M. 436, 439–40, 612 P.2d 228, 231–32 (1980) (holding that appellate court is not limited to the record made at the suppression hearing). There was no evidence controverting this testimony.

{9} We next determine whether Defendant's expectation of privacy is one recognized by society as reasonable. We find *Leyba* to be dispositive. In *Leyba*, the defendant neither owned nor occupied the car in question at the time of the search, but she was a permissive user and demonstrated some interest in the contents of the car's trunk. *Id.* ¶4. We concluded that the defendant had standing to challenge the search of the car because she was a permissive user who had an ongoing relationship with the owner through which she exerted control over both the car and its contents. *Id.* ¶18. Here, the circumstances are similar, and we conclude that society is prepared to recognize as reasonable Defendant's expectation of privacy in a car he shared with his live-in companion.

{10} The State contends that, even if Defendant had standing to challenge the search, nevertheless we should affirm the trial court's denial of Defendant's motion to suppress based on the evidence adduced at trial. We do not agree that we are in a position to affirm on this record. At the suppression hearing the parties did not introduce any evidence regarding the particulars of the car search, and at trial the evidence was conflicting. Vera Rodriguez testified that the officers performed two distinct searches of her car's trunk-one to which she consented and

one conducted without consent. The officers testified that they performed only one consented-to search of the trunk. Because the trial court did not have the opportunity to evaluate this evidence in the context of Defendant's suppression motion, and given the necessity for assessment of credibility, remand is appropriate. Defendant had standing to challenge the search of the car, and the district court must reconsider his motion to suppress.

## Multiple Charges of Burglary

{11} At the conclusion of the State's case-in-chief, Defendant moved for a directed verdict as to the two burglary counts, arguing that the two should be merged. The district court denied the motion ruling that the two buildings burglarized supported separate counts. Because this issue will likely arise if there is a new trial on remand, we address it now in the interest of judicial efficiency.

{12} The State argues that Defendant failed to preserve his challenge to multiple charges because he did not argue at trial that he exhibited a single intent supporting only a single crime. The State contends that the question of intent is a factual question that must be preserved through argument and through tender of an appropriate jury instruction. We disagree with the State's underlying premise that this issue involves a fact question. The propriety of charging multiple violations of the same statute is analyzed under the Double Jeopardy Clause. *See State v. Barr*, 1999–NMCA–081, ¶13, 127 N.M. 504, 984 P.2d 185. Double jeopardy claims may be raised for the first time on appeal. *State v. Sanchez*, 1996–NMCA–089, ¶12, 122 N.M. 280, 923 P.2d 1165.

{13} We set out the analysis for single-statute unit of prosecution cases in *Barr*, 1999–NMCA–081, ¶11, 127 N.M. 504, 984 P.2d 185. Where a defendant is charged with multiple violations of a single statute and raises a double jeopardy challenge, we determine whether the legislature intended to permit multiple charges and punishments under the circumstances of the particular case. *Id.* ¶¶11–13. If the statute does not clearly define the unit of prosecution, we

consider whether the different offenses are "separated by sufficient indicia of distinctness[.]" *Id.* ¶ 15 (quoting *Swafford v. State,* 112 N.M. 3, 13, 810 P.2d 1223, 1233 (1991)). Such indicia include: "(1) temporal proximity of the acts; (2) location of the victim(s) during each act; (3) existence of an intervening event; (4) sequencing of acts; (5) defendant's intent as evidenced by his conduct and utterances; and (6) the number of victims." *Barr,* 1999–NMCA–081, ¶ 16, 127 N.M. 504, 984 P.2d 185. "[M]ultiple victims will likely give rise to multiple offenses." *Id.* (quoting *Herron v. State,* 111 N.M. 357, 361, 805 P.2d 624, 628 (1991)). Because this analysis is rooted in statutory construction, we review the issue de novo.

{14} The burglary statute proscribes "the unauthorized entry of any ... dwelling or other structure ... with the intent to commit any felony or theft therein." NMSA 1978, § 30–16–3 (1963). In this case, the burglar entered two separate buildings using two different methods of entry. The perpetrator entered the shop through a window and entered the adjacent storage building by prying apart siding. Although the acts occurred at one business and one address at roughly the same time, the burglar's acts affected two victims-the Bug Way owner and his stepfather, Mr. Williamson. While Williamson did not own the storage building from which the burglar took Williamson's tools, he did have an interest in the security of the space in which he kept his tools. "The general purpose of burglary statutes is to protect possessory rights with respect to structures and conveyances, ... and to define 'prohibited space.'" *State v. Rodriguez,* 101 N.M. 192, 194, 679 P.2d 1290, 1292 (Ct. App.1984). Consequently, burglary is "an offense against the security of the property which is entered." *State v. Ortiz,* 92 N.M. 166, 168, 584 P.2d 1306, 1308 (Ct.App.1978). Here, the burglar breached the security of two separate buildings and the interest of two victims in maintaining that security.

{15} Our holding is further supported by *State v. Ortega,* 86 N.M. 350, 351, 524 P.2d 522, 523 (Ct.App.1974) and *State v. Harris,* 101 N.M. 12, 19, 677 P.2d 625, 632 (Ct.App.1984). In *Ortega,* the burglar entered a building and then entered two offices leased by the building owner to two separate entities. *Id.* at 350–51, 524 P.2d at 522–23. In *Harris,* the burglar entered offices of two separate government agencies located in the same building. *Id.* at 19, 677 P.2d at 632. In each case we held that two charges of burglary were appropriate. Thus, even where only one building is burglarized, multiple burglary charges are proper when the security interests of multiple victims are involved. In the present case, the perpetrator breached the security of two buildings as well as the security interests of two victims.

{16} We reject Defendant's reliance on the single-larceny doctrine for dismissal of one count of burglary. As noted in *State v. Morro,* 1999 NMCA 118, ¶¶ 21–25, 127 N.M. 763, 987 P.2d 420, the single-larceny doctrine has several distinguishing features that support its "departure from the general rule that multiple charges are appropriate when there are multiple victims." *Id.* ¶ 22. There is a long history of treating larceny as a single charge regardless of the number of victims, and this treatment is warranted by the particular features of larceny-its definition, which "does not require proof of ownership in a particular person," and its penalty, which "depends on the value of the goods taken." *Id.* ¶¶ 24, 25. Burglary has no such history or distinguishing features.

{17} Under the circumstances of this case, we cannot say that the legislature intended that Defendant be charged with or punished for only one count of burglary. Therefore, if the case proceeds to trial on remand, Defendant may be tried as before on two counts of burglary.

**CONCLUSION**

{18} We hold that Defendant had standing to challenge the search of Rodriguez's car and remand for rehearing of his motion to suppress.

{19} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Judge, and IRA ROBINSON, Judge.