2003-NMCA-054

65 P.3d 584

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Lorraine MAES, Defendant–Appellant.**

**No. 22,661.**

Court of Appeals of New Mexico.

Feb. 12, 2003.

Certiorari Denied, No. 27,940,
March 24, 2003.

Patricia A. Madrid, Attorney General, Santa Fe, NM, Joel K. Jacobsen, Assistant Attorney General, Albuquerque, NM, for Appellee.

John B. Bigelow, Chief Public Defender, Vicki W. Zelle, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

*OPINION*

ALARID, Judge.

{1} Defendant, Lorraine Maes, appeals her conviction on one count of harboring a felon. As we explain below, the district court committed fundamental error by allowing Defendant to be convicted of harboring a felon without requiring the State to prove that the person allegedly harbored by Defendant had committed a specified felony and that Defendant knew that this person had committed the specified felony.

**DISCUSSION**

{2} Defendant was convicted of harboring Brandon Cordova in violation of NMSA 1978, § 30–22–4 (1963). Section 30–22–4 defines harboring a felon as "knowingly conceal[ing] any offender or giv[ing] such offender any other aid, knowing that he has committed a felony, with the intent that he escape or avoid arrest, trial, conviction or punishment." The State's entire case that Cordova was a felon and that Defendant knew of that fact consisted of Detective Kinley's testimony that Cordova was the subject of an arrest warrant and that he advised Defendant that Cordova was the subject of a "felony arrest warrant." Detective Kinley was the only witness called by the State.

{3} In reviewing the sufficiency of the State's evidence, we apply the following standards:

[W]e review the record, marshaling all evidence favorable to [the jury's] findings. If evidence is in conflict, or credibility is at issue, we accept any interpretation of the evidence that supports the [jury's] findings, provided that such a view of the evidence is not inherently improbable. We determine whether the evidence supports any conceivable set of rational deductions and inferences that logically leads to the finding in question. We must be satisfied that the evidence was sufficient to establish the facts essential to conviction with the level of certainty required by the applicable burden of proof. To support a conviction under a beyond a reasonable doubt standard, the evidence and inferences drawn from that evidence must be sufficiently compelling so that a hypothetical reasonable factfinder could have reached "a subjective state of near certitude of the guilt of the accused."

*State v. Wynn,* 2001–NMCA–020, ¶ 5, 130 N.M. 381, 24 P.3d 816 (citations omitted).

{4} In the present case, the jury was given the following jury instruction on the offense of harboring a felon:

For you to find the defendant guilty of harboring a felon, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant concealed or gave aid to Brandon Cordova, with the intent that Brandon Cordova escape, avoid arrest, trial, conviction or punishment;

2. The defendant knew that Brandon Cordova had committed a felony;

3. This happened in New Mexico on or about the 24th day of July, 2000.

{5} We *sua sponte* raised the sufficiency of the State's evidence supporting element Number 2—that "defendant knew that Brandon Cordova had committed a felony"—because the State's failure to come forward with substantial evidence of any element of the crime charged implicates fundamental error and the fundamental rights of Defendant.

*State v. Vallejos,* 2000–NMCA–075, ¶ 29, 129 N.M. 424, 9 P.3d 668. To insure a fully-informed decision, we requested supplemental briefing by the parties.

{6} In *State v. Gardner* we explained that "[i]t is not enough to show that the defendant may have suspected that a felony was committed; instead, the state must prove that the defendant knew a felony was actually committed." 112 N.M. 280, 283, 814 P.2d 458, 461 (Ct.App.1991). We further noted that "[Section 30–22–4] requires that the state prove that a *specific felony* has been committed, whether or not the perpetrator has been arrested, prosecuted, or tried." *Id.* at 284, 814 P.2d at 462 (emphasis added). We recognized that in a prosecution for harboring a felon, the State may even be required to conduct a trial-within-a-trial in order to establish that the person harbored was a felon. *See id.*

{7} An arrest warrant merely represents a determination made in an ex parte proceeding that there is probable cause to believe that a person has committed a crime or crimes; it is not an adjudication of guilt beyond a reasonable doubt: "The materiality and quantum of evidence to show probable cause ... is far less than is necessary at trial to prove a defendant's guilt beyond a reasonable doubt." *Buzbee v. Donnelly,* 96 N.M. 692, 704–05, 634 P.2d 1244, 1256–57 (1981). We therefore hold that in a prosecution for harboring a felon, evidence that a suspect is the subject of an arrest warrant cannot of itself establish beyond a reasonable doubt the fact that the suspect actually committed a felony. For similar reasons, we hold that evidence that a defendant charged with harboring was aware that the person harbored was the subject of an arrest warrant cannot of itself establish beyond a reasonable doubt that the defendant knew that the person harbored had committed the offense described in the arrest warrant. *Cf. State v. Serna,* 112 N.M. 738, 742, 819 P.2d 688, 692 (Ct.App.1991) (noting that in addition to evidence that officers announced their intention to execute a felony arrest warrant, evidence demonstrated that the defendant had been convicted along with a fugitive of the prior felony).

{8} Here, the State failed to present any evidence establishing the specific felony (or felonies) that Cordova was believed to have committed. Further, the State failed to present evidence that Defendant had any knowledge of the facts relied upon by the State in obtaining a warrant for Cordova's arrest. We therefore hold that the State's evidence was insufficient as a matter of law to establish that Defendant "knew that Brandon Cordova had committed a felony."

{9} We are concerned that the Uniform Jury Instruction on harboring a felon, UJI 14–2240 NMRA 2003, may have contributed to the State's failure to prove its case. The second element of this instruction conflates what are in fact two separate elements: (1) the commission of a specific felony or felonies by the person harbored, and (2) the defendant's knowledge that the person harbored had committed those felonies. We think the presence of two separate elements would be clearer to the district court, to counsel trying a harboring case, and to the jury, if these elements were contained in separate, numbered sentences within the instruction, as for example:

> For you to find the defendant guilty of harboring a felon [as charged in Count _____], the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. _____ (*name of felon*) committed the following crime _____ [insert felony];
>
> 2. The defendant knew that _____ (*name of felon*) had committed the crime of _____ [insert felony];
>
> 3. The defendant [concealed] [gave aid to] _____ (*name of felon*), with the intent that _____ (*name of felon*) [escape] [avoid arrest, trial, conviction or punishment] for the crime of _____ [insert felony];
>
> 4. Defendant's actions happened in New Mexico on or about the _____ day of _____, _____.

We urge the Rules Committee to consider adopting a revised instruction on harboring a felon that breaks down the second element of the current UJI 14–2240 into two distinct, separately-numbered elements. We also think it advisable to instruct the jury on the essential elements of the felonies alleged to have been committed by the person harbored.

**CONCLUSION**

{10} Defendant's conviction of harboring a felon is reversed.

{11} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and CELIA FOY CASTILLO, Judges.