This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 32,491**

**RUSSELL REED,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**J. Richard Brown, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant appeals from an amended judgment and sentence, by which he was convicted for two counts of aggravated battery (deadly weapon and great bodily harm). We issued a notice of proposed summary disposition, proposing to reverse and remand on grounds that the district court lacked jurisdiction to enter the amended judgment and sentence. The State has filed a responsive memorandum. After due consideration, we reverse and remand for further proceedings.

{2}     As described at greater length in the notice of proposed summary disposition, the pendency of a prior appeal with this Court deprived the district court of jurisdiction to amend the judgment and sentence. *See State v. Aragon*, 109 N.M. 632, 638-39, 788 P.2d 932, 938-39 (Ct. App. 1990) (noting that the district court lacks jurisdiction to amend a judgment and sentence during the pendency of an appeal and does not regain jurisdiction until mandate has issued); *State v. Aaron*, 103 N.M. 138, 140, 703 P.2d 915, 917 (Ct. App. 1985) (observing that the trial court lacked jurisdiction to rule on a motion to correct sentence that was filed during the pendency of a prior appeal). In its response, the State indicates that it agrees with our analysis relative to this jurisdictional problem. [MIO 1-2] We therefore conclude that reversal is necessary.

{3}     In our notice of proposed summary disposition, we also briefly addressed two issues that Defendant raised in his docketing statement because those issues seem likely to recur on remand. *See, e.g.*, *State v. Martinez*, 2002-NMSC-008, ¶ 17, 132

N.M. 32, 43 P.3d 1042 (addressing a sentencing issue notwithstanding the fact that it was not strictly necessary to do so because the issue seemed likely to recur following remand); *State v. Soto*, 2001-NMCA-098, ¶ 11, 131 N.M. 299, 35 P.3d 304 (proceeding to address a double jeopardy issue after vacating on other grounds because the issue seemed likely to arise again on remand). For reasons previously described, we expressed concern that substitution of a conviction for aggravated battery for the conviction for aggravated battery on a household member would violate applicable precedent. *See State v. Villa*, 2004-NMSC-031, ¶¶ 8, 12-18, 136 N.M. 367, 98 P.3d 1017. We also observed that the entry of multiple convictions for aggravated battery (deadly weapon and serious bodily harm) would appear to violate double jeopardy. *See, e.g., State v. Cooper*, 1997-NMSC-058, ¶ 53, 124 N.M. 277, 949 P.2d 660.

{4}    In its memorandum in opposition the State indicates that it concurs with our analysis relative to the double jeopardy issue [MIO 7] but submits that *Villa* can and should be limited or distinguished. [MIO 3-6] Although we have serious reservations about the State's position, we believe it is appropriate to permit the parties to present their arguments on remand and to allow the district court to evaluate the matter and render its considered judgment.

{5}    Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we reverse and remand for further proceedings consistent herewith.

{6}    **IT IS SO ORDERED.**

_____
                                           **LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**J. MILES HANISEE, Judge**

4