This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO.   33,242**

**MARTIN MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1} Martin Martinez (Defendant) appeals his conviction for battery on a peace officer, and he raises two challenges to his sentencing on other offenses. We issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm Defendant's conviction and sentence.

{2} In his memorandum in opposition, Defendant continues to challenge the sufficiency of the evidence to support his conviction for battery on a peace officer. [MIO 2-6] "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. The question is whether the trial court's "decision is supported by substantial evidence, not whether the trial court could have reached a different conclusion." *In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

**{3}** Battery on a peace officer is defined as "the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent[,] or angry manner." Section 30-22-24(A) (1971). In *State v. Padilla*, 1997-NMSC-022, ¶ 11, 123 N.M. 216, 937 P.2d 492, our Supreme Court held that conviction under Section 30-22-24 requires proof of injury or conduct that threatens an officer's safety or meaningfully challenges his or her authority. In this case, the jury was instructed that Defendant's conduct caused a "meaningfully challenge" to Detective Tim Nyce's authority. [CR-2012-624 [RP 66] *See* UJI 14-2211 NMRA (defining battery on a peace officer). We considered whether the act of spitting on a peace officer violates Section 30-22-24. *See State v. Jones*, 2000-NMCA-047, ¶ 15, 129 N.M.165, 3 P.3d 142. We held that the act of spitting on a peace officer could constitute a threat to the officer's safety or a meaningful challenge to his authority, depending on the context in which it occurred. *See id.* ¶¶ 15, 18; *see also State v. Martinez*, 2002-NMCA-036, ¶ 38, 131 N.M. 746, 42 P.3d 851.

**{4}** We conclude that the evidence in this case is sufficient. The record indicates that Detective Nyce testified that he tried to collect a DNA sample from Defendant pursuant to a search warrant while Defendant was being held at the county jail. [CR-2012-634 44-45] Defendant was uncooperative and began to kick the door with the back of his heel. [CR-2012-624 RP 45] Defendant then turned and spit at Detective

3

Nyce and stated: "There is your [DNA] sample." [CR-2012-624 RP 45] Four other officers testified to a substantially similar version of events. [CR-2012-624 RP 45-47] There was also evidence that Defendant was unruly when the officers came to collect the DNA sample. He kicked the door, cursed at the guards, and tried to kick them. [CR-2012-624 RP 45-46] He held his mouth shut when the officers tried to collect the DNA sample, and he tried to bite at the swab. [CR-2012-624 RP 47] We propose to hold that this evidence is sufficient to allow the jury to find that Defendant's conduct created a meaningful challenge to Detective Nyce's authority. *See Martinez*, 2002-NMCA-036, ¶ 40 (holding that there was sufficient evidence from which the jury could find that the defendant's act of spitting presented a meaningful challenge to the officer's authority where the incident began with the defendant attempting to reject the officer's authority by pulling away from him while the officer led him to his cell and, after spitting, he continued to resist the officers trying to restrain him and kicked another officer).

{5}     Defendant next argues that the district court violated his right to be free from double jeopardy by imposing consecutive sentences for his three convictions for aggravated assault on a peace officer. [MIO 7-9] Defendant pleaded guilty to three counts of aggravated assault on a peace officer with a deadly weapon based on three different victims. [CR-2012-634 RP 1-3, 126, 129-131, 150]

{6} Defendant raises a "unit of prosecution" double jeopardy challenge because he argues that he was convicted of multiple violations of the same criminal statute for the same offense. *See State v. DeGraff*, 2006-NMSC-011, ¶ 25, 139 N.M. 211, 131 P.3d 61 (stating that the "unit of prosecution" category of double jeopardy prohibits charging a defendant with multiple violations of a single statute based on a single course of conduct). We employ a two-step analysis in unit of prosecution cases. *See State v. Boergadine*, 2005-NMCA-028, ¶ 15, 137 N.M. 92, 107 P.3d 532. We first inquire whether the statute clearly defines the unit of prosecution. *See State v. Soto*, 2001-NMCA-098, ¶ 13, 131 N.M. 299, 35 P.3d 304. "If a statute's unit of prosecution is clearly defined, we must look no further than the face of the statute." *Boergadine*, 2005-NMCA-028, ¶ 15, 137 N.M. 92, 107 P.3d 532.

{7} In our notice of proposed summary disposition, we proposed to hold that NMSA 1978, Section 30-22-22 (1971), reflects a legislative intent to make each victim the subject of a separate charge. Assault, including aggravated assault, is an offense committed against the person of another. The interest protected by the assault statute is the mental harm to the victim caused by the threat of violence. *See State v. Roper*, 2001-NMCA-093, ¶ 12, 131 N.M. 189, 34 P.3d 133 (stating that it is permissible to convict or sentence a defendant for two counts of assault for pointing a gun at two persons at the same time because the legislative focus of the assault statutes is the protection of victims from mental harm); *see also* NMSA 1978, § 30-3-

5

1(B) (1963) (stating that assault consists of "any unlawful act, threat[,] or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery").

{8} In his memorandum in opposition, Defendant does not dispute our proposed holding that the Legislature intended to make each victim the subject of a separate charge under Section 30-3-1. Rather, Defendant argues that the evidence only supports one count of aggravated assault because his conduct with respect to the three officers was unitary. [MIO 8-9] However, where the statute clearly defines the unit of prosecution, as in this case, we do not look further to determine whether the Legislature intended punishment for the entire course of conduct or for each discrete act. *See Boergadine*, 2005-NMCA-028, ¶ 15 ("If a statute's unit of prosecution is clearly defined, we must look no further than the face of the statute."). We therefore reject Defendant's argument that his right to be free from double jeopardy was violated by the district court's imposition of consecutive sentences for his three convictions for aggravated assault on a peace officer.

{9} Finally, Defendant argues that the sentence imposed constitutes cruel and unusual punishment. [MIO 9-11] "Whether a particular sentence amounts to cruel and unusual punishment raises a constitutional question of law that we review de novo on appeal." *State v. Ira*, 2002-NMCA-037, ¶ 17, 132 N.M. 8, 43 P.3d 359. "In general, a lawful sentence does not constitute cruel and unusual punishment." *State*

6

*v. Wacey C.*, 2004-NMCA-029, ¶ 9, 135 N.M. 186, 86 P.3d 611.  The test for cruel and unusual punishment is "[w]hether in view of contemporary standards of elemental decency, the punishment is of such disproportionate character to the offense as to shock the general conscience and violate principles of fundamental fairness."  *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 22 (internal quotation marks and citation omitted).  "When the length of a sentence is disproportionate to the crime that is charged, it may constitute cruel and unusual punishment."  *State v. Castillo*, 2011-NMCA-046, ¶ 31, 149 N.M. 536, 252 P.3d 760.  However, in the absence of a compelling reason to do so, courts will not impose their own view in place of the Legislature's regarding the appropriate punishment for crimes.  *See State v. Rueda*, 1999-NMCA-033, ¶ 6, 126 N.M. 738, 975 P.2d 351.

{10}    In his memorandum in opposition, Defendant recognizes that the sentence imposed in this case is authorized by the sentencing statutes enacted by the Legislature. [MIO 10] Defendant argues that the seven-year sentence in this case is cruel and unusual because four and a half years of the sentence were for the aggravated assault on a peace officer convictions, and he only fired two shots. Defendant argues that he is being sentenced as if he fired three shots.  [MIO 12] However, as discussed above, we believe that separate convictions and consecutive sentences for the aggravated assault on a peace officer convictions were appropriate. We therefore hold that Defendant's seven-year sentence does not constitute

punishment so disproportionate to the character of the offenses as to "shock the general conscience or violate principles of fundamental fairness." *Id.* ¶ 16 (internal quotation marks and citation omitted).

{11}    For these reasons, we affirm the district court.

{12}    **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**