This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37437**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MEGAN ANKER-UNNEVER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe-Sommer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren J. Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Jason M. Alarid
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Megan Anker-Unnever appeals from her conviction of driving while under the influence of drugs (DWI), in violation of NMSA 1978, Section 66-8-102(B) (2016). Defendant raises two issues on appeal: (1) there was insufficient evidence to support her conviction, and (2) the officer lacked probable cause to arrest her. We affirm.

## BACKGROUND

**{2}** The following facts are derived from Officer Trace Evridge's testimony given at Defendant's trial. Officer Evridge was monitoring traffic when he pulled Defendant over for driving 43 mph in a 35 mph zone. As he approached Defendant's vehicle, the officer noticed an odor of marijuana coming from inside Defendant's vehicle. Defendant's driver-side window was open and the odor of marijuana became stronger as Officer Evridge got closer. Defendant admitted to Officer Evridge that she was not paying attention to her speed because she was looking at her phone. Defendant initially denied drinking any alcohol or using drugs. At the request of Officer Evridge, Defendant then stepped out of her vehicle. While Defendant stood outside of her vehicle and spoke with Officer Evridge, he noticed an odor of alcohol emanating from her breath.

**{3}** Based on the odors of alcohol and marijuana, Officer Evridge asked Defendant to perform standardized field sobriety tests (SFSTs), which consisted of a horizontal gaze nystagmus (HGN) test, a walk-and-turn test, and a one-leg-stand test. Following the administration of the SFSTs, Defendant agreed to take a portable breath test (PBT).[1] Before Defendant took the PBT, Officer Evridge again asked Defendant if she had had anything to drink. Defendant admitted she had "a few sips" of wine, had smoked marijuana and was "stoned." Officer Evridge then asked, "On a scale from 1 to 10, how high are you?" to which Defendant responded, "Like a two." Based on Defendant's speeding, her performance on the SFSTs, and her admissions to not paying attention while driving, being "stoned," and drinking prior to driving, Officer Evridge believed Defendant was impaired at least "to the slightest degree" and not able to safely operate a motor vehicle. Consequently, he arrested Defendant for DWI.

**{4}** The State charged Defendant in the magistrate court with, among other things, DWI, in violation of Section 66-8-102(A) (prohibiting persons from operating a motor vehicle while "under the influence of intoxicating liquor") or, in the alternative, Section 66-8-102(B) (prohibiting persons from operating a motor vehicle while "under the influence of any drug to a degree that renders the person incapable of safely driving a vehicle"). Following her trial and conviction in magistrate court, Defendant appealed de novo to the district court. Defendant moved to suppress the evidence obtained after the traffic stop for lack of probable cause. The district court denied Defendant's motion following a suppression hearing. After a bench trial, the district court found Defendant guilty of DWI, contrary to Section 66-8-102(B). This appeal followed.

## DISCUSSION

**{5}** Defendant challenges (1) the district court's denial of her motion to suppress for lack of probable cause and (2) the sufficiency of the evidence supporting her conviction. Because the latter argument is determinative of the former in this case, we begin with Defendant's sufficiency argument.

## I. Substantial Evidence Supported Defendant's Conviction

---

1 The results of the PBT were not admitted at trial. Defendant also took a blood test following her arrest, the results of which were suppressed by stipulation of the parties.

**{6}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{7}** To convict Defendant of DWI under Section 66-8-102(B), the State had to prove beyond a reasonable doubt that (1) Defendant operated a motor vehicle, (2) while she "was under the influence of drugs to such a degree that [she] was incapable of safely driving a vehicle," and (3) the offense happened in New Mexico. UJI 14-4502 NMRA.[2] The only element at issue here is whether Defendant was under the influence of drugs to a degree that rendered her incapable of safely driving a vehicle. We conclude that substantial evidence supported this element.

**{8}** When Officer Evridge made contact with Defendant, he noticed an odor of marijuana emanating from her vehicle. Further, Defendant admitted to smoking marijuana and being "stoned." Although Defendant qualified this statement by saying she was "like a two" in terms of how high she was, Defendant's admission, coupled with the odor of marijuana, give rise to a reasonable inference that Defendant was under the influence of marijuana when she was driving.

**{9}** The evidence also supports the district court's conclusion that Defendant was under the influence of marijuana to such a degree to render her incapable of safely driving a vehicle. Officer Evridge pulled Defendant over for speeding 43 mph in a 35 mph zone. Defendant admitted she was not paying attention to the speed of her vehicle because she was looking at her phone. Defendant's speeding—caused by allowing herself to be distracted by looking at her phone—lends support to the conclusion that Defendant was incapable of safely driving. *Cf. State v. Wildgrube*, 2003-NMCA-108, ¶ 7, 134 N.M. 262, 75 P.3d 862 (holding that there was substantial evidence that the defendant operated his vehicle in a reckless manner when he struck the victim after continuing to drive at 45 mph while looking away from the road to find his cell phone).

---

2 Defendant appears to contend the district court erroneously relied on the standard for a DWI conviction under Section 66-8-102(A), which depends on whether the driver "was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the driver and the public as a result of drinking . . . liquor." *State v. Gurule*, 2011-NMCA-042, ¶ 7, 149 N.M. 599, 252 P.3d 823 (internal quotation marks and citation omitted). Although Defendant accurately points out that the State was confused about the standards for DWI convictions under Section 66-8-102(A) and Section 66-8-102(B) , the district court's written judgment adjudicating Defendant guilty recites the standard for conviction under Section 66-8-102(B). Without any evidence that the district court relied on the wrong standard, we presume the district court correctly relied on the standard for conviction under Section 66-8-102(B). *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error).

**{10}** Officer Evridge's observations of Defendant during the SFSTs provides further support for this conclusion. Officer Evridge testified that some of the SFSTs, including the walk-and-turn test, relate to a person's ability to drive because the tests are used to evaluate a person's ability to multi-task, which drivers must do by monitoring speed and looking for other traffic. To this end, Officer Evridge observed Defendant sway during the HGN test; "miss[] heel to toe," step out of line, make an improper turn, and raise her arms parallel to the floor during the walk-and-turn test, contrary to instructions; and sway, raise her arms to balance herself, put her foot down, and hop to maintain balance during the one-leg-stand test. Given Defendant's speeding, motor skills, failure to follow instructions during the SFSTs, and admissions to not paying attention and being "stoned," we conclude substantial evidence supported Defendant's conviction for DWI. *Cf. State v. Neal*, 2008-NMCA-008, ¶ 27, 143 N.M. 341, 176 P.3d 330 (recognizing that the fact-finder could rely on common knowledge and experience to determine whether the defendant was under the influence of alcohol when considering the testimony as to the defendant's driving behavior, physical condition, admission to drinking, and performance on SFSTs).

**{11}** Defendant makes several arguments against such a conclusion, which we address in turn. First, Defendant argues that her performance on the SFSTs should not be considered in determining whether she was capable of safely operating her vehicle because the tests were designed only to measure blood alcohol content (BAC) and not impairment. In support of this argument, Defendant cites *State v. Lasworth*, 2002-NMCA-029, ¶ 14, 131 N.M. 739, 42 P.3d 844, in which we observed that the creators of the SFSTs "pursued the development of tests that would provide statistically valid and reliable indications of a driver's BAC, rather than indications of driving impairment." (emphasis omitted).

**{12}** Defendant's reliance on *Lasworth* is misplaced, as that case dealt solely with the admissibility of the HGN test. *Id.* ¶ 1. In addressing the state's arguments in that case, we quoted a report that noted,

> Many individuals, including some judges, believe that the purpose of a field sobriety test is to measure driving impairment. For this reason, they tend to expect tests to possess "face validity," that is, tests that appear to be related to actual driving tasks. . . . [HGN] lacks face validity because it does not appear to be linked to the requirements of driving a motor vehicle.

*Id.* ¶ 14 (internal quotation marks and citation omitted).

The report also noted that "[t]ests of physical and cognitive abilities, such as balance, reaction time, and information processing, have face validity, to varying degrees, based on the involvement of these abilities in driving tasks; that is, the tests seem to be relevant on the face of it." *Id.* (internal quotation marks and citation omitted); *see also State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 ("[W]hile most of the field sobriety tests are self-explanatory, HGN is not. When courts have taken judicial

notice of the common physical manifestations of intoxication, [HGN] is not included." (internal quotation marks and citation omitted)).

**{13}** Unlike *Lasworth*, the evidence in this case does not come from the results of Defendant's HGN test but rather Officer Evridge's observations of Defendant during the SFSTs. Although circumstantial, the district court properly relied on Officer Evridge's observations of Defendant's motor skills, inability to follow instructions during the SFSTs, coupled with Defendant's speeding and admissions to consuming alcohol and being stoned, to determine Defendant was incapable of safely operating her vehicle. *See Torres*, 1999-NMSC-010, ¶ 31 (stating that "most of the field sobriety tests are self-explanatory" (internal quotation marks and citation omitted); *State v. Randy J.*, 2011-NMCA-105, ¶ 34, 150 N.M. 683, 265 P.3d 734 (considering SFSTs in analyzing the sufficiency of the evidence because "[a]dministration of field sobriety tests is a reasonable part of an investigation where the officer has reasonable suspicion that the person was driving under the influence of alcohol *or drugs*" (emphasis added)); *State v. Soto*, 2007-NMCA-077, ¶ 11, 142 N.M. 32, 162 P.3d 187 ("Evidence of a direct or circumstantial nature is sufficient if a reasonable mind might accept the evidence as adequate to support a conclusion." (alteration, internal quotation marks, and citation omitted)) *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110.

**{14}** Next, Defendant claims the district court impermissibly relied on Defendant's admission that she was "stoned" without any independent evidence to establish the corpus delicti of her DWI offense. *See State v. Weisser*, 2007-NMCA-015, ¶ 10, 141 N.M. 93, 150 P.3d 1043 ("The corpus delicti rule provides that unless the corpus delicti of the offense charged has been otherwise established, a conviction cannot be sustained *solely* on the extrajudicial confessions or admissions of the accused." (alteration, internal quotation marks, and citation omitted)), *abrogated in part on other grounds by State v. Bregar*, 2017-NMCA-028, ¶ 49, 390 P.3d 212. Contrary to Defendant's assertion, Defendant's statements were not the only evidence to establish the corpus deliciti, as the State introduced evidence of an odor of marijuana coming from Defendant's vehicle, Defendant's speeding, and Officer Evridge's observations of Defendant during the SFSTs. Thus, Defendant's corpus delicti argument is inapt. *See id.*

**{15}** Defendant also relies on *State v. Aleman*, 2008-NMCA-137, 145 N.M. 79, 194 P.3d 110, to argue that Officer Evridge's failure to conduct a complete drug recognition expert (DRE) investigation renders the evidence insufficient to support her conviction. Defendant's reliance is unavailing. Although we observed in *Aleman* that evidence of DRE protocol results is helpful to a fact-finder in correlating specific observations of a defendant to the influence of a particular drug, *see id.* ¶ 19, we did not hold that its use is required in every case. As discussed earlier, we conclude the evidence in this case was sufficient, despite the lack of a DRE investigation.

**{16}** Defendant additionally contends the State's failure to introduce a toxicology report or expert testimony "on the effects of marijuana on a person and how a given

level would render a driver incapable of safely operating a vehicle[]" makes the evidence insufficient to support her conviction. In support of this contention, Defendant relies on *State v. Aman*, 95 P.3d 244 (Or. Ct. App. 2004). However, *Aman* involved the admissibility of the results of a DRE protocol as scientific evidence without a corroborating toxicology report, *see id.* at 249, evidence not used in this case. Furthermore, as this Court has observed, "That there was no scientific proof . . . to measure the level or degree of influence of alcohol[ or drugs] does not mean that there was a conviction on less than sufficient evidence to prove guilt beyond a reasonable doubt." *Neal*, 2008-NMCA-008, ¶ 27. Without any other authority for the proposition that the State needed to introduce a toxicology report or expert testimony linking the effects of marijuana to Defendant's ability to safely operate a vehicle, we decline to address this argument further. *See State v. Ponce*, 2004-NMCA-137, ¶ 36, 136 N.M. 614, 103 P.3d 54 (declining to address argument unsupported by citation to authorities).

**{17}** Lastly, to the extent Defendant contends that the evidence was insufficient because Officer Evridge did not witness Defendant commit any other driving infractions, other than speeding, or exhibit any signs of impairment outside of Defendant's admissions and performance on the SFSTs, we disagree. While the absence of other indicia of impairment and unsafe driving could support a conclusion that Defendant was not "under the influence of drugs to such a degree that [she] was incapable of safely driving a vehicle[,]" UJI 14-4502, "[t]he question for us on appeal is whether the district court's decision is supported by substantial evidence, not whether the [district] court could have reached a different conclusion. We emphasize that we do not consider the merit of evidence that may have supported a different result." *State v. Schaaf*, 2013-NMCA-082, ¶ 11, 308 P.3d 160 (alteration, internal quotation marks, and citations omitted).

## II.     Probable Cause Supported Defendant's Arrest

**{18}** Defendant largely repeats the same arguments in regard to whether Officer Evridge had probable cause to arrest her for DWI. For the following reasons, we disagree.

**{19}** Our Supreme Court has held that our appellate courts may consider evidence presented at trial in reviewing the grant or denial of a motion to suppress. *See State v. Martinez*, 1980-NMSC-066, ¶¶ 8, 15-16, 94 N.M. 436, 612 P.2d 228 (rejecting the defendant's argument that our  Supreme Court may only consider the evidence presented at suppression hearing in determining whether the defendant's arrest was supported by probable cause; stating that "the limited scope of review . . . should be broadened so that the appellate court may determine if probable cause did or did not exist by an examination of all the record surrounding an arrest or search and seizure"; and considering a witness's trial testimony in affirming denial of motion to suppress); *see also State v. Soto*, 2001-NMCA-098, ¶ 8, 131 N.M. 299, 35 P.3d 304 (considering the defendant's trial testimony in determining that the district court's finding made at a suppression hearing was not supported by substantial evidence); *State v. Johnson*, 1996-NMCA-117, ¶¶ 20-21, 122 N.M. 713, 930 P.2d 1165 (considering physical

evidence presented at trial in affirming denial of motion to suppress). The reason for this broadened scope of review is that "if we hide from a part of the relevant truth in the appellate decision making process, we hide from the litigants and the world a part of the truth and are proscribed from administering a full measure of justice." *Martinez*, 1980-NMSC-066, ¶ 18. Thus, in determining whether there was sufficient evidence to support the district court's denial of Defendant's motion to suppress, we may consider evidence presented at trial.

**{20}** Given this, and given our conclusion that substantial evidence supported Defendant's conviction for DWI based solely on Officer Evridge's observations prior to arresting Defendant, it necessarily follows that sufficient evidence supported the district court's conclusion that probable cause supported the arrest. *See State v. Morales*, 2008-NMCA-102, ¶ 11, 144 N.M. 537, 189 P.3d 670 ("An officer has probable cause to arrest when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed." (internal quotation marks and citation omitted)); *State v. Maes*, 2003-NMCA-054, ¶ 7, 133 N.M. 536, 65 P.3d 584 ("The materiality and quantum of evidence to show probable cause is far less than is necessary at trial to prove a defendant's guilt beyond a reasonable doubt." (omission, internal quotation marks, and citation omitted)). Accordingly, we affirm the district court's denial of Defendant's motion to dismiss.

**CONCLUSION**

**{21}** For the foregoing reasons, we affirm

**{22}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**BRIANA H. ZAMORA, Judge**