This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41614**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ALYSON MOTES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Efren A. Cortez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Bianca Ybarra, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}**     This matter was submitted to the Court on Defendant's brief in chief pursuant to an order assigning this matter to the general calendar with modified briefing. Following consideration of the brief in chief, this Court issued an order for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}** Defendant appeals the district court's denial of her motion to suppress blood test results, arguing that she did not consent to the warrantless blood draw. [BIC 10] In particular, she asserts her consent was not given voluntarily due to head injuries she sustained during a single-vehicle accident. [BIC 11] We review the district court's denial of Defendant's motion to suppress as a mixed question of fact and law. *See State v. Ontiveros*, 2024-NMSC-001, ¶ 8, 543 P.3d 1191. We review the district court's factual findings under a substantial evidence standard in the light most favorable to the prevailing party, and its conclusions of law de novo. *Id.*; *see State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 26, 72, 478 P.3d 880.

**{3}** "[W]arrantless blood draws are not permitted in the absence of either (1) valid consent or (2) probable cause to require the blood test in addition to exigent circumstances." *State v. Franklin*, 2020-NMCA-016, ¶ 13, 460 P.3d 69. "A search based upon a valid consent is an exception to the requirement for obtaining a search warrant." *State v. Flores*, 2008-NMCA-074, ¶ 12, 144 N.M. 217, 185 P.3d 1067. Whether consent to search is voluntary is a question of fact, assessed using the totality of the circumstances. *See State v. Davis*, 2013-NMSC-028, ¶ 13, 304 P.3d 10. We use a three-tiered analysis in determining voluntariness: "(1) there must be clear and positive testimony that the consent was specific and unequivocal; (2) the consent must be given without duress or coercion; and (3) the first two factors are to be viewed in light of the presumption that disfavors the waiver of constitutional rights." *Id.* ¶ 14 (internal quotation marks and citation omitted). Specific and unequivocal consent can be given in various ways, such as through an affirmative and direct oral response to an officer's request to search, by providing a response without hesitation, and by signing a consent to search form. *Id.* ¶¶ 16-18.

**{4}** Here, the arresting officer read Defendant the Implied Consent Act in its totality, despite having been interrupted by the medical staff multiple times. [BIC 6] The officer asked Defendant "do you give consent to have your blood drawn and test[ed]" and Defendant answered by nodding her head and affirmatively stating "yes." [BIC 6-7; RP 46] Defendant neither asked any questions in response to the officer's questions nor refused to answer. [BIC 7] Defendant signed a consent form. [RP 47; BIC 10] The video from the officer's body camera was introduced as an exhibit. [BIC 6, 8; AB 3] The district court specifically found that Defendant responded to the officer's questions and was able to explain to the officer what had taken place with regard to the accident. [RP 46] The district court also found that aside from Defendant's own testimony, no evidence—in particular, no medical evidence—was introduced relating to Defendant's concussion or the effects a concussion would have on Defendant's ability to understand. [RP 47] According to the district court, Defendant's testimony was "unconvincing and unsupported by evidence" and as such, was afforded "no weight in the face of [D]efendant's interaction with [the officer] as captured on [the officer's] body worn camera." [RP 47]

**{5}** Defendant argues that the district court "should have given weight to [her] testimony when evaluating if her consent was given voluntarily and knowingly." [BIC 14, 16] In addition, Defendant asserts that totality of the circumstances—specifically, the combination of her testimony and the presumption against a waiver of constitutional rights—indicates the district court erred in concluding that Defendant consented to the blood draw. [BIC 13-14] Defendant's argument asks that this Court assess the credibility of the witnesses and reweigh the evidence in her favor, which this Court will not do. *See State v. Wright*, 2022-NMSC-009, ¶ 20, 503 P.3d 1161 (recognizing that in the context of a motion to suppress, "[t]he reviewing court does not reweigh evidence on appeal"). It was for the fact-finder to resolve any conflicts and determine the weight and credibility of the testimony. *See State v. Espinoza*, ___-NMSC-___, ¶ 14, ___ P.3d ___ (S-1-SC-38642, Oct. 30, 2023) ("Our restraint when reviewing factual findings includes deference to the district court's evaluation of witness credibility." (alteration, internal quotation marks, and citation omitted)); *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964 ("[T]he district court is in the best position to resolve questions of fact and to evaluate the credibility of witnesses."). Viewing the evidence in the light most favorable to the suppression order, we conclude that the district court's factual findings, particularly regarding Defendant's credibility, were supported by substantial evidence.

**{6}** We further conclude that Defendant's consent was voluntary. First, Defendant's consent was specific and unequivocal—she answered the officer's request in the affirmative verbally and by nodding without any hesitation or questions. *See Davis*, 2013-NMSC-028, ¶¶ 16-18. Second, Defendant has neither asserted that her consent was the result of duress or coercion nor identified facts in the record to support such a conclusion. [BIC 14] Third, we disagree with Defendant's assertion that the district court failed to consider the presumption against the waiver of constitutional rights, as evidenced by the omission of that factor from the district court's order. [BIC 13, 16] *See id.* ¶ 14 ("Because the third prong is an acknowledgment of our presumption against waiving constitutional rights, we focus on the first two prongs."). Considering both parties cited the relevant three-tiered analysis in their motions [RP 24, 37], and given the district court's explicit findings regarding the first two tiers in its order [RP 47-48], it is clear the district court was aware of and applied the correct standard. Accordingly, we perceive no error. *See id.* ("Ultimately, the essential inquiry is whether the defendant's will has been overborne." (alteration, internal quotation marks, and citation omitted)).

**{7}** To the extent Defendant also alludes to other inadequacies in the officer's actions, such as an incomplete investigation prior to arrest and the officer's decision not to seek a warrant, [BIC 15] Defendant has neither properly preserved those issues below nor properly argued those issues on appeal. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."); *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). We therefore decline to address them. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (recognizing that appellate courts are under no obligation to review unclear or undeveloped arguments).

**{8}** Based on the foregoing, we affirm. *See State v. Soto*, 2001-NMCA-098, ¶ 6, 131 N.M. 299, 35 P.3d 304 ("A denial of a motion to suppress will not be disturbed if it is supported by substantial evidence unless it also appears that the ruling was incorrectly applied to the facts." (internal quotation marks and citation omitted)); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (recognizing that "[t]here is a presumption of correctness in the district court's rulings" and it is the appellant's burden on appeal to clearly demonstrate any claimed error (alterations, internal quotation marks, and citation omitted)).

**{9}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**